**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>**STRATA TITLE, LLC**,<br>Debtor.<br><br>**SAM REI, LLC**, an Arizona limited liability company, and **SAM III, LLC**, an Arizona limited liability company,<br>Plaintiffs,<br><br>v.<br><br>**THE CONTINENTAL GROUP, LLC**, an Arizona limited liability company; **ELLETT LAW OFFICES, P.C.**, an Arizona professional corporation; and **STROJNIK, P.C.**, an Arizona professional corporation,<br>Defendants. | Chapter 7 Proceedings<br><br>Case No.: 2:12-bk-24242-DPC<br><br>Adversary No. 2:14-ap-00319-DPC<br><br>**ORDER PARTIALLY GRANTING AMENDED MOTION TO DISMISS AS TO STROJNIK, P.C.; DENYING RELIEF AS TO THE CONTINENTAL GROUP, LLC** |

SAM REI, LLC, and SAM III, LLC ("Plaintiffs") filed a Complaint (DE 1) requesting the Court to equitably subordinate the administrative claims of The Continental Group, LLC, Strojnik, P.C., and Ellett Law Offices, P.C. (collectively "Defendants") to Plaintiffs' own asserted administrative claims pursuant to 11 U.S.C. § 510(c).[1] This Court has allowed the administrative claims of Strojnik, P.C. ("Strojnik") in amounts totaling $56,677.50. Strojnik filed a Motion to Dismiss and Request for Sanctions ("Motion") (DE 9). The Continental Group, LLC ("Continental") joined in the Motion (DE 10), and Plaintiffs responded (DE 15). Strojnik then filed an Amended Motion to Dismiss and Request for Sanctions ("Amended Motion") (DE21), which added a new argument. Plaintiffs responded ("Response") (DE 24). Strojnik

---
[1] All docket entry cites give the docket number of the filing in the adversary proceeding, 2:14-ap-00319-DPC, unless otherwise noted.

filed a Reply (DE 26) which incorporated by reference arguments from co-defendant Ellett Law Offices, P.C.'s ("Ellett") Amended Motion to Dismiss. The Court heard oral argument on the Amended Motion on September 18, 2014 (DE 47), and took the matter under advisement.

In addition to the Motion's original arguments, the Amended Motion asserts Strojnik is entitled to derived quasi-judicial immunity. Because the Court grants Strojnik relief on its immunity defense, this Order focuses its analysis on that issue. Finding that Strojnik is entitled to such immunity, the Court now grants the Amended Motion to Dismiss and dismisses the Complaint as to Strojnik. However, this Court is also setting an order to show cause as to why Strojnik's claims previously allowed by this Court should not be wholly or partially disallowed due to lack of candor and disclosure in connection with the application to employ Strojnik and in connection with its representation of the Debtor. The Court denies the portion of the Amended Motion which requests sanctions against Plaintiffs. The Court rejects Continental's arguments and denies Continental's Motion.

**I. Background**

Ellett, counsel for former Chapter 11 debtor-in-possession Strata Title, LLC ("Strata"), moved the Court to appoint Strojnik as special counsel ("Motion to Appoint") to represent Strata in pursuing a State Court action (the "Suit") against Milestone Tempe, LLC ("Milestone") and Western Regional Foreclosure, LLC ("WRF") (Admin. DE 67).[2] The Suit sought declaratory and injunctive relief regarding a deed of trust on a property (Admin. DE 67, Ex. 2) owned by an LLC in which Strata had an interest. If successful, Strojnik claims the estate stood to gain almost $1.5 million from the Suit. *Id.* The State Court ultimately dismissed the Suit for lack of standing after this Court ruled that Strata's interest in the LLC had terminated in February 2013. The Motion to

---

[2] The case number for the administrative case is 2:12-bk-24242-DPC.

2

Case 2:14-ap-00319-DPC   Doc 56   Filed 11/25/14   Entered 11/25/14 11:01:25   Desc
Main Document    Page 2 of 9

Appoint attached a draft copy of the State Court Verified Complaint. The Motion to Appoint, however, failed to reveal that Strojnik represented Continental in other litigation or that it represented John Lupypciw in other matters. Mr. Lupypciw was this estate's representative and manager. Nor did Strojnik advise this Court of trouble Mr. Lupypciw was in due to claimed looting of Tempe Tower and/or Studio City. Further, contrary to Strojnik's declaration filed with the Motion to Appoint, the Debtor's Schedule F notes Strojnik was owed $10,000 by the Debtor at the time that schedule was filed on November 20, 2012. See Docket No. 17. Curiously, the original schedules also failed to even list an ownership interest in Pure Country Tower, LLC, which ownership was why Strojnik was asked to bring the Suit.[3]

Without the benefit of Strojnik's full or accurate disclosures, the Court granted the Motion to Appoint on March 18, 2013(Admin. DE 70). Strojnik subsequently filed its first application for compensation (Admin. DE 130), and mailed it to Plaintiffs (Admin. DE 134, Ex. 4). Plaintiffs did not object (Admin. DE 195), and the Court allowed Strojnik's claims (Admin DE 198). Strojnik filed its second application (Admin. DE 194), and the Court approved it (Admin. DE 242). Again, Plaintiffs received notice and did not object (Admin. DE 234).

This Court has been informed that this Chapter 7 estate holds approximately $248,000. After Chapter 7 administrative claims are paid, the parties to this adversary proceeding (all of which assert Chapter 11 administrative claims) will be competing for the remainder of these funds. Plaintiffs assert a claim for $495,000, Ellett for $223,415.60, Continental for $22,753 and Strojnik for $56,677.50.

\\\\

\\\\

\\\\

---

[3] This defect was later corrected when the Debtor amended Schedule B on December 10, 2012 at Docket No. 19.

3

## II. *Harris* Immunity

In the Amended Motion, Strojnik argues four grounds for dismissal of the Complaint for failure to state a claim, including the affirmative defense of derived quasi-judicial immunity. The Court finds that Strojnik successfully raises an immunity defense.

### A. Relevant Law

In the Ninth Circuit, "court appointed officers who represent the estate are the functional equivalent of a trustee" and "qualify for derived quasi-judicial immunity." *In re Harris*, 590 F.3d 730, 742 (9th Cir. 2009). Such officers are entitled to immunity when "(1) their acts were within the scope of their authority; (2) the debtor had notice of their proposed acts; (3) they candidly disclosed their proposed acts to the bankruptcy court; and (4) the bankruptcy court approved their acts." *Id.* (citing *Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir. 1989)).

### B. Analysis

#### *1. Strojnik Can Claim* Harris *Immunity*

Although *Harris* involved a chapter 7 trustee and her court-appointed special counsel, the Court finds the Ninth Circuit's reasoning applies with equal force to the facts of this case.

The Court appointed Strojnik as special counsel for the purpose of litigating the Suit on behalf of the estate. As court-appointed special counsel, Strojnik was the "functional equivalent" of a trustee and therefore eligible for derived quasi-judicial immunity if it meets the four *Harris* requirements: (1) proper scope of action; (2) notice to debtor; (3) candor to the court regarding the proposed action; and (4) court approval. *Harris*, 590 F.3d at 742.

\ \ \ \

\ \ \ \

## 2. *Strojnik Disclosed Its Proposed Actions*

Plaintiffs do not allege that Strojnik acted beyond the scope of its duties, failed to provide notice to Strata, or that the Court did not approve its appointment. Rather, Plaintiffs argue that Strojnik violated its duty of candor to the Court as special counsel. Plaintiffs contend Strojnik knew, and failed to inform the Court upon appointment, that John Lupypciw, Strata's principal, had previously misappropriated hundreds of thousands of dollars from two LLCs he managed in which Strata owned interests. Plaintiffs urge that this alleged lack of candor prevents Strojnik's immunity defense.

Even if the Court assumes the truthfulness of Plaintiffs' allegations concerning what Strojnik knew and when, Plaintiffs read the candor requirement of *Harris* too broadly. *Harris* immunity does not require the scope of disclosure to the Court which Plaintiffs urge this Court to find. Such a requirement, and its attendant threat of liability, would go against the public policy grounds for *Harris* immunity which Judge Haines references in *In re Mortgages Ltd.*, 2013 WL 1336830 (Bankr. D. Ariz. 2013). For Strojnik to be immune under *Harris*, it was required to "candidly disclose[] [its] proposed acts to the bankruptcy court." *Harris*, 590 F.3d at 742 (emphasis supplied). The requirement imposes an affirmative duty on the proposed attorney or proponent of the proposed attorney to candidly disclose to the Court the actions special counsel would pursue. The Motion to Appoint (Admin. DE 67) stated that Strojnik's role would be to serve "as special counsel for a state court proceeding involving state court legal issues with which Mr. Strojnik has experience and expertise." Strojnik's sworn declaration and the draft Verified Complaint for the Suit were attached to the Motion to Appoint. Strojnik and Ellett candidly disclosed Strojnik's proposed course of action to the Court, and therefore fulfilled the disputed requirement for Strojnik's *Harris* immunity.

Plaintiffs alternatively allege in their Response that Strojnik breached its fiduciary duty to the estate by pursuing the Suit when "there was no reasonable prospect of benefit

5

to the estate," (DE 24 at 16:21), and that it breached its duty of candor by not disclosing an unspecified adverse interest. *See id.* at 16:15-16. Plaintiffs argue that both the alleged breach of fiduciary duty in litigating the Suit and this second breach of duty of candor prevent Strojnik's immunity defense. This argument has multiple flaws. First, the Court approved Strojnik's appointment (Admin. DE 70), the express purpose of which was to pursue the Suit (Admin. DE 67). For the Court to find that Strojnik breached its fiduciary duty to the estate by pursing a Court-approved course of action would be illogical. Second, the Court notes that Plaintiffs did not object to the entry of the Order Approving the Motion to Appoint,[4] or to either of Strojnik's fee applications. Third, success in the Suit would allegedly have provided a significant benefit to the estate. The mere fact that Strojnik was unsuccessful but filed fee applications does not suggest Strojnik had any adverse interest or that the Suit was a lost cause.

**III. Sanctions**

F. R. Bankr. P. 9011 is an adaptation of F. R. Civ. P. 11 ("Federal Rule 11 is not included in the adversary rules, but it is applicable to adversary proceedings under the adoption thereof found in Bankruptcy Rule 9011." F. R. Bankr. P. 7011). "It is now clear that the central purpose of Rule 11 is to deter baseless filings . . . ." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 392, 110 S. Ct. 2447, 2454 (1990). The Court does not find that any of Plaintiff's filings were "baseless." Rather, due to the important disclosure discrepancies pointed out by Plaintiffs, this Court has set an order to show cause as to why Strojnik's fees and cost awards should not be vacated due to its failure to disclose material facts in the Motion to Appoint.

\ \ \ \

\ \ \ \

---

[4] Neither Plaintiffs nor their counsel were copied on the Motion to Appoint, but Plaintiffs' counsel had earlier filed his Notice of Appearance and, therefore, received electronic notice of both the Motion to Appoint and this Court's March 18, 2014 Order approving Strojnik's employment.

6

**IV. Continental's Arguments**

Because some of the arguments in Strojnik's Motion only apply to facts specific to Strojnik, the Court construes Continental's joinder in the Motion to apply only to the arguments which do not require facts only relevant to Strojnik. Continental thereby joins in two arguments from Strojnik's original Motion (DE 9). These arguments are: (1) Plaintiffs Complaint is not ripe because they have no "allowed claim," and; (2) Plaintiffs fail to allege facts entitling them to relief.

A. Ripeness

Continental argues that the Court must dismiss the Complaint for lack of jurisdiction because Plaintiffs do not yet have an allowed claim, as allegedly required by 11 U.S.C. § 510(c). While the issue appears to be a matter of first impression in this District, other bankruptcy courts have addressed the issue. In *In re Granite Partners, LP*, 210 B.R. 508, 513-14 (Bankr. S.D.N.Y. 1997), the Court held that the fact that plaintiffs' claim was disputed did not prevent them from asserting their complaint for equitable subordination, noting that "the plaintiffs' standing, the allowability of their claims and their right to equitable subordination turn on a common nucleus of facts." The Court agrees with this logic and finds that a challenge to Plaintiffs' claim does not defeat their Complaint seeking subordination under 11 U.S.C. § 510(c).

B. Sufficiency of Factual Allegations

When considering Rule 12(b)(6) motions to dismiss, the Court must take all allegations of material facts as true and construe them in the light most favorable to the plaintiff. *Manshardt v. Fed. Judicial Qualification Comm.*, 408 F.3d 1154, 1156 (9th Cir. 2005). To avoid Rule 12(b)(6) dismissal, the Complaint must allege sufficient facts showing: "(1) the claimant who is to be subordinated has engaged in inequitable conduct; (2) the misconduct results in injury to competing claimants or an unfair advantage to the claimant to be subordinated; and (3) subordination is not inconsistent

7

with bankruptcy law." *In re Filtercorp*, 163 F.3d 570, 583 (9th Cir. 1998). Plaintiffs' Complaint alleges facts fulfilling the *Filtercorp* requirements under the *Manshardt* standards, Strojnik's Motion does not controvert any of those facts as to Continental, and Continental's Joinder (DE 10) contains only a bare-bones denial of the prima facie equitable subordination elements, with no citations to the record or to any legal authority. The Court rejects Continental's arguments for Rule 12(b)(6) dismissal. Continental's Motion to Dismiss is denied.

## V. Conclusion

Plaintiffs' allegations regarding Strojnik's breaches of fiduciary duty to the estate and duty of candor to the Court, even if taken as true, are beyond the scope of special counsel's required disclosure under *Harris*. To adopt Plaintiffs' argued disclosure requirement would run contrary to the public policy rationale underlying *Harris*. The Court finds that Strojnik was sufficiently candid regarding its role as special counsel for the purpose of pursuing the Suit for the estate, that Strojnik acted within the scope of its appointment, that Debtor had notice, and that the Court approved its appointment. Strojnik is entitled to derived quasi-judicial immunity from Plaintiffs' suit. The Complaint must be dismissed as to Strojnik.

This Court's holding concerning Strojnik's satisfaction of the four-pronged *Harris* immunity test, however, does not end this Court's review of Strojnik's claims in this case. Because the Motion to Appoint and Strojnik's declaration attached to that Motion failed to disclose Strojnik's connections to other related litigation[5] and failed to advise this Court that the Debtor's Schedules listed Strojnik as holding half of the pre-petition unsecured claims against this estate, this Court has set an order to show cause as to why this Court should not now fully or partially disallow this Court's orders of May 9, 2013 (DN 130) and August 3, 2013 (DN 194).

---

[5] *See* ¶ 94 of Plaintiffs' Complaint. *See also* adversary no. 13-387.

8

Accordingly, it is hereby **ORDERED, ADJUDGED and DECREED**:

    (A) Granting the Amended Motion to Dismiss as to Strojnik, P.C.;

    (B) Denying the Amended Motion for Sanctions; and

    (C) Denying the Motion to Dismiss as to The Continental Group, LLC.

**So ordered.**

**DATED: November 25, 2014**

_____
DANIEL P. COLLINS
CHIEF UNITED STATES BANKRUPTCY JUDGE

COPY of the foregoing mailed by the BNC and/or sent by auto-generated mail to interested parties.