# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

In re:

**STRATA TITLE, LLC**,
    Debtor.

Chapter 7 Proceedings

Case No.: 2:12-bk-24242-DPC

Adversary No. 2:14-ap-00319-DPC

**SAM REI, LLC**, an Arizona limited liability company, and **SAM III, LLC**, an Arizona limited liability company,
    Plaintiffs,

v.

**THE CONTINENTAL GROUP, LLC**, an Arizona limited liability company; **ELLETT LAW OFFICES, P.C.**, an Arizona professional corporation; and **STROJNIK, P.C.**, an Arizona professional corporation,
    Defendants.

**ORDER (1) GRANTING ELLETT LAW OFFICES' AMENDED MOTION TO DISMISS; (2) DENYING CONTINENTAL GROUP, LLC'S MOTION TO DISMISS**

SAM REI, LLC, and SAM III, LLC ("Plaintiffs") filed a Complaint (DE 1) seeking to equitably subordinate the administrative claims of The Continental Group, LLC, Strojnik, P.C., and Ellett Law Offices, P.C. (collectively "Defendants") to their own asserted administrative claims.[1] Ellett Law Offices, P.C. ("Ellett") filed a Motion to Dismiss ("Motion") (DE 11), in which The Continental Group, LLC joined ("Continental") (DE 12). Plaintiffs responded to the Motion (DE 16) and to Continental's joinder (DE 23). Ellett then filed an Amended Motion to Dismiss ("Amended Motion") (DE 25). Plaintiffs responded to the Amended Motion ("Response") (DE 27).[2] Ellett subsequently retained counsel, who filed a Supplement to

---

[1] All docket entry cites give the docket number of the filing in the adversary proceeding, 2:14-ap-00319-DPC, unless otherwise noted.

[2] For purposes of this Order, the Court references only the Plaintiffs' Response to the Amended Motion to Dismiss ("Response"), which tracks the Amended Motion to Dismiss in excluding the *Barton* issue and arguing the immunity issue.

the Amended Motion to Dismiss ("Supplement") (DE 40).[3] Plaintiffs filed a response ("Supplement Response") (DE 43), and Ellett's counsel replied ("Supplement Reply") (DE 45). The Motion, Amended Motion, Supplement, and Reply are collectively referred to hereafter as the Amended Motion. The Court heard oral argument on the Amended Motion to Dismiss on September 18, 2014 (DE 47), and took the Amended Motion under advisement.

This Court has been informed that this Chapter 7 estate holds approximately $248,000. After Chapter 7 administrative claims are paid, the parties to this adversary proceeding (all of which assert Chapter 11 administrative claims) will be competing for the remainder of these funds. Plaintiffs assert a claim for $495,000, Ellett for $223,415.60, Continental for $22,753, and Strojnik for $56,677.50.

The Court now (1) grants the Amended Motion, (2) dismisses the Complaint as to Ellett, (3) sets an order to show cause as to why Ellett's claims approved by this Court should not be reduced due to its lack of full disclosure and candor to this Court and (4) denies Continental's Motion to Dismiss.

**I. Summary of the Amended Motion's Arguments**

Ellett's Amended Motion contains four arguments: (1) Plaintiffs lack standing because they are not creditors of the estate, and Plaintiffs are judicially estopped from asserting otherwise; (2) Ellett is entitled to derived quasi-judicial immunity under *In re Harris*, 590 F.3d 730, 743 (9th Cir. 2009); (3) Plaintiffs lack standing because any equitable subordination claim belongs to the trustee rather than Plaintiffs and (4) Arizona's litigation privilege requires dismissal of the Complaint against Ellett. The Amended Motion rightly excludes the original Motion's *Barton* argument; *Barton* does

---

[3] The Court is sorely tempted to refuse to consider the Amended Motion and the Supplement because Local Rule 9013-1(c) contemplates the filing of only a motion, response and reply. Ellett appears to file amendments and supplements as it dreams up new ideas. This is a poor practice not encouraged by this Court where there have been no new developments but, rather, a failure to address all arguments in the first instance. This sloppy practice surely drives up the cost of litigation.

not apply in this instance. *In re Crown Vantage*, 421 F.3d 963, 970 (9th Cir. 2005) ("[A] party must first obtain leave of the bankruptcy court before it initiates an action *in another forum* against a bankruptcy trustee or other officer . . . .") (emphasis supplied). The Court grants relief on Ellett's immunity argument from its Amended Motion.

**II. Analysis**

A. Plaintiffs Are Creditors

Plaintiffs have a claim under the Code. The Code's definition of "claim" includes: "a right to payment, whether or not such right is . . . disputed." 11 U.S.C. § 101(5)(A). 11 U.S.C. § 101(10)(B) defines a creditor as an "entity that has a claim against the estate of a kind specified in section 348(d) . . . ." 11 U.S.C. § 348(d) provides that administrative claims, other than those in section 503(b), arising after the order of relief but before the conversion of a Chapter 11 case are treated as arising before the filing of the petition. Plaintiffs assert an administrative claim for an award of damages for wrongful post-petition conduct that occurred before the case was converted to a Chapter 7. Such a claim is not one of the administrative claims listed in section 503(b). According to the Code definition, Plaintiffs are currently creditors of the estate. Judicial estoppel does not apply because circumstances have changed since the Plaintiffs acknowledged and the Court held that Plaintiffs were not creditors—Plaintiffs have since filed their administrative claims. The Court rejects this argument for dismissal.

B. *Harris* Immunity

*1. Relevant Law*

Chapter 7 bankruptcy trustees, their court approved attorneys, and court appointed officers are all entitled to derived quasi-judicial immunity. *In re Harris*, 590 F.3d 730, 742 (9th Cir. 2009). The immunity applies to defendants when: "(1) their acts were within the scope of their authority; (2) the debtor had notice of their proposed acts; (3) they candidly disclosed their proposed acts to the bankruptcy court; and (4) the

3

bankruptcy court approved their acts." *Id.*

### 2. Extending Harris *to Chapter 11*

The Court finds the public policy rationale underlying *Harris* immunity for Chapter 7 trustees and their attorneys also applies to immunity for a debtor in possession's court approved counsel. A comparison of the rights, duties, and powers of Chapter 7 trustees and Chapter 11 debtors in possession reveals the logic of extending immunity. For example, under 11 U.S.C. § 1107(a), "a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3) and (4) of this title, of a [Chapter 11 trustee] . . . ." The debtor in possession has most of the same duties as a Chapter 11 trustee. These overlapping duties of the debtor in possession and the Chapter 11 trustee include many of a Chapter 7 trustee's duties. 11 U.S.C. § 1107(a); 11 U.S.C. § 1106(a)(1). Of 11 U.S.C. § 704(a)'s 12 duties of a Chapter 7 trustee, the debtor in possession is responsible for performing eight. 11 U.S.C. § 1107(a); 11 U.S.C. § 1106(a). It is fair to extend *Harris* immunity to counsel for a debtor in possession when counsel has so many of the same responsibilities and powers as a Chapter 7 trustee's attorney.

### 3. Ellett is Entitled to Harris *Immunity*

In this case, Strata Title, LLC ("Debtor"), the former debtor in possession, applied to the Court to employ and appoint Ellett as its attorney ("Application") (Admin. DE 14).[4] That Application set out the tasks Ellett would perform for Debtor, and attached a copy of the Attorney-Client Fee Contract ("Contract") which further specified what services Ellett would provide and how it would bill for those services. The Court granted the Application (Admin. DE 18) and appointed Ellett as Chapter 11 counsel for Debtor. The Court has since approved Ellett's three fee applications totaling

---
[4] The administrative case number is 2:12-bk-24242-DPC.

4

approximately $223,415.60 (Admin. DEs 189, 197, 289). While serving as Chapter 11 counsel, the Complaint alleges Ellett committed various inequitable acts and omissions, which were violations of its fiduciary duties to the estate and give it an advantage over other creditors. Plaintiffs' Response alleges that Ellett is not entitled to immunity because: (1) *Harris* immunity only applies to trustees, not to debtors in possession or their counsel; and (2) Ellett's alleged complicity in, knowledge of, and failure to disclose to the Court Debtor's principal's bad acts would deprive Ellett of immunity even if *Harris* did apply.

Ellett affirmatively and sufficiently pleaded the immunity in the Amended Motion. F. R. Civ. P. 8(c); *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 469 (S.D. Cal. 2013) ("Stating an affirmative defense under Rule 8(c) . . . does not require the pleader to 'show' entitlement to its defense."). Ellett previously disclosed its proposed services to Debtor in the Application and the attached Contract (Admin. DE 14), the Court signaled its approval in appointing Ellett (Admin. DE 18), and approved Ellett's fee applications. Plaintiffs' argued level of candor Ellett owed to the Court is beyond the *Harris* requirement that Ellett "candidly disclose[] [its] proposed acts to the bankruptcy court." *In re Harris*, 590 F.3d 730, 742 (9th Cir. 2009). Ellett has pleaded and is entitled to derived quasi-judicial immunity.

This Court is concerned about the numerous allegations raised by Plaintiffs contending Ellett has not been candid with this Court and has not fully disclosed material matters concerning post-petition conduct of the Debtor's former manager, John Lupypciw. For these reasons, the Court has set an order to show cause as to why Ellett's claims approved by this Court[5] should not be reduced due to its lack of full disclosure and candor to this Court. This Court is hereby granting Plaintiffs' leave to challenge

---

[5] All fee orders are interim awards until this Court approves the Trustee's final report and then closes the administrative estate.

1 Ellett's time entries, work effort and categories of tasks pursued by Ellett which
2 Plaintiffs contend stand in support of reduction of Ellett's previously allowed claims.

### C. Plaintiffs Have Standing to Bring Equitable Subordination Claim

*1. Relevant Law*

Continental challenges Plaintiffs' standing to bring its equitable subordination claims. There is conflicting case law on the issue of whether and when a creditor has standing to sue or act on certain causes in cases in which a trustee has been appointed. *Compare In re Bakke*, 243 B.R. 753, 755-56 (Bankr. D. Ariz. 1999) ("[w]hen a trustee has been appointed, creditors do not have standing to object to the claims of another creditor unless specifically granted by the Bankruptcy Court . . . ."), *and In re Morpheus Lights, Inc.*, 228 B.R. 449, 454 (Bankr. N.D. Cal 1998) ("If a creditor is dissatisfied with the inaction of the trustee or debtor in possession, its remedies include moving . . . for an order conferring standing upon the creditor to institute the action.") (citing *In re Curry and Sorensen*, 57 B.R. 824, 828 (9th Cir. BAP 1986)), with *Matter of Vitreous Steel Prods. Co.*, 911 F.2d 1223, 1231 (7th Cir. 1990) (reversing the district court's dismissal of creditor's equitable subordination action and granting standing because "individual creditors have an interest in subordination separate and apart from the interests of the estate as a whole.").

In *Morpheus Lights*, the Bankruptcy Court held that a general unsecured creditor in a Chapter 11 case did not have standing to assert an equitable subordination claim against another creditor, because such a claim belonged to either the debtor in possession or the creditors' committee. 228 B.R. at 454. The instant case is a Chapter 7, in which there is no debtor in possession or creditors' committee to assert such a claim.

In *Bakke*, the court held that a creditor does not have standing to object to another creditor's proof of claim unless it had first requested the trustee object to the claim, the

6

trustee had refused, and the Bankruptcy Court consented to the creditor's action. 243 B.R. at 756. This case does not involve an objection to a proof of claim. Rather, Plaintiffs urge the Court to use its equitable powers to subordinate other creditors' claims on account of alleged bad acts by the creditors. A claim objection, which is a contested matter, and an equitable subordination adversary proceeding are inherently different.

### 2. *Plaintiffs Have Standing Despite Absence of This Court's Prior Approval*

The Court finds the Seventh Circuit's reasoning in *Vitreous Steel*, 911 F.2d at 1231, as persuasive, and that the facts of the current case are distinguishable from those in *Morpheus Lights*, 228 B.R. at 454, and *Bakke*, 243 B.R. at 755-56. Plaintiffs in this case "have an interest in subordination separate and apart from the interests of the estate as a whole," 911 F.2d at 1231, and have standing to bring their claim against Continental. This Court need not grant Plaintiffs approval to pursue their equitable subordination claims prior to filing its Complaint.

### III. Conclusion

*Harris* immunity extends to Ellett and Ellett's conduct while it was Chapter 11 counsel for Debtor. Ellett sufficiently pleaded such immunity in its Amended Motion. The same public policy considerations favoring immunity for trustees and court appointed attorneys in a Chapter 7 case also favor such immunity in a Chapter 11 case. As to Continental's Motion, Plaintiffs have standing to pursue their equitable subordination claims. Continental's Motion is denied.

Accordingly, it is hereby **ORDERED, ADJUDGED and DECREED**:

    (A) Granting the Amended Motion to Dismiss as to Ellett Law Offices, P.C.;

    (B) Denying Continental's Motion to Dismiss; and

(C) Granting Plaintiffs leave to challenge the claims of Ellett and Continental.

**So ordered.**

**DATED: November 25, 2014**

*/s/ Daniel P. Collins*

---
DANIEL P. COLLINS
CHIEF UNITED STATES BANKRUPTCY JUDGE

COPY of the foregoing mailed by the BNC and/or
sent by auto-generated mail to interested parties.